UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KENNETH C.,

                Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

Case No. C18-5773 RAJ

**ORDER AFFIRMING THE COMMISSIONER'S FINAL DECISION AND DISMISSING THE CASE WITH PREJUDICE**

Plaintiff seeks review of the denial of his applications for Supplemental Security Income and Disability Insurance Benefits. Plaintiff contends the ALJ erred by discounting his testimony, several lay witness statements, and several medical opinions. Dkt. 11. As discussed below, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

## BACKGROUND

Plaintiff is currently 53 years old, has a high school education, and has worked as a spraying machine operator and an automotive painter. Dkt. 7, Admin. Record (AR) 51, 32. On December 2014, Plaintiff applied for benefits, alleging disability as of November 1, 2013. AR 111. Plaintiff's applications were denied initially and on reconsideration. AR 109, 110, 133, 134. After the ALJ conducted a hearing in May 2017, the ALJ issued a decision finding Plaintiff

not disabled. AR 43, 21-32.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found:

**Step one:** Plaintiff has not engaged in substantial gainful activity since the November 2013 alleged onset date.

**Step two:** Plaintiff has the following severe impairments: major depressive disorder, generalized anxiety, and alcohol dependence.

**Step three:** These impairments do not meet or equal the requirements of a listed impairment.[2]

**Residual Functional Capacity:** Plaintiff can perform work at all exertional levels. He can understand, remember, and apply short and simple instructions and perform routine, predictable tasks with no fast-paced production requirements. He can make simple decisions and be exposed to few workplace changes. He cannot interact with the general public and can occasionally interact with coworkers.

**Step four:** Plaintiff can perform past relevant work as a spraying machine operator II and thus is not disabled.

**Step five:** The ALJ did not reach step five.

AR 23-32. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. AR 1.

## DISCUSSION

This Court may set aside the Commissioner's denial of Social Security benefits only if the ALJ's decision is based on legal error or not supported by substantial evidence in the record as a whole. *Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017). Each of an ALJ's findings must be supported by substantial evidence. *Reddick v. Chater*, 157 F.3d 715, 721 (9th Cir. 1998). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such

---

[1] 20 C.F.R. §§ 404.1520, 416.920.
[2] 20 C.F.R. Part 404, Subpart P, Appendix 1.

ORDER AFFIRMING THE
COMMISSIONER'S FINAL DECISION AND
DISMISSING THE CASE WITH PREJUDICE
- 2

relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for evaluating evidence, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the ALJ. *Thomas v. Barnhart*, 278 F.3d 947, 954, 957 (9th Cir. 2002). When the evidence is susceptible to more than one interpretation, the ALJ's interpretation must be upheld if rational. *Burch v. Barnhart*, 400 F.3d 676, 680-81 (9th Cir. 2005). This Court "may not reverse an ALJ's decision on account of an error that is harmless." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

**A.     Plaintiff's Testimony**

At the May 2017 hearing, Plaintiff testified that he has been sober since August 2016. AR 64. Nevertheless, his anxiety and depression remain severe and have even gotten worse. *Id*. Therapy and medication have provided little help. AR 64-65. Several times a week, Plaintiff has panic attacks with symptoms of "extreme worry, extreme anxiety, fear sometimes." AR 94. He rarely socializes and can barely tolerate ten minutes at the grocery store several days per week. AR 71-72, 74. Three or four times a year for four to five days at a time, he has "extreme pain" in his back that prevents him from sitting, standing, or walking. AR 90-92.

Where, as here, an ALJ determines a claimant has presented objective medical evidence establishing underlying impairments that could cause the symptoms alleged, and there is no affirmative evidence of malingering, the ALJ can only discount the claimant's testimony as to symptom severity by providing "specific, clear, and convincing" reasons that are supported by substantial evidence. *Trevizo*, 871 F.3d at 678.

### 1. Mental Health Testimony

The ALJ discounted Plaintiff's mental health testimony because he made inconsistent statements to providers, he had "a good therapeutic response to treatment when he was compliant," his mental status findings were frequently normal, and he sought disability benefits only after exhausting unemployment benefits. AR 27-29.

#### a. Inconsistent Statements

In evaluating a claimant's "statements about the intensity, persistence, and limiting effects of symptoms," the Commissioner directs ALJs to "consider the consistency of the individual's own statements." SSR 16-3p, 2017 WL 5180304 at *8 (S.S.A. 2017). ALJs "must limit their evaluation to the individual's statements about his or her symptoms and the evidence in the record that is relevant to the individual's impairments. In evaluating an individual's symptoms, [ALJs] will not assess an individual's overall character or truthfulness…." *Id.* at *11.

Here, the only inconsistent statement the ALJ identified was in a treatment note for Plaintiff's alcohol dependency assessment on September 3, 2015. AR 27-28 (citing AR 716). The provider wrote that Plaintiff "initially was reporting abstinence however when he learned that he would be providing a [sample for urinalysis] he asked 'is it too late to be honest'?" and then stated that he drank on August 24, more than a week earlier. AR 716. The ALJ concluded that Plaintiff had "minimized or made false statements to treating medical source [*sic*] concerning the extent of his alcohol abuse." AR 27. The ALJ did not, however, explain how this incident was relevant to evaluating Plaintiff's symptoms. There is no dispute that Plaintiff has been sober since at least October 2016 and that alcohol abuse is not material to the determination of disability. AR 28. Thus, even if Plaintiff gave inconsistent statements when he

ORDER AFFIRMING THE
COMMISSIONER'S FINAL DECISION AND
DISMISSING THE CASE WITH PREJUDICE
- 4

was still addicted to alcohol, the ALJ did not explain how those statements were relevant to evaluating Plaintiff's testimony in May 2017 or his current limitations.

The Commissioner argues that a "lack of candor … can carry over to descriptions of symptoms." Dkt. 12 at 3 (citing *Thomas*, 278 F.3d at 959). In *Thomas*, the court upheld an ALJ's rejection of claimant testimony based on poor work history prior to alleged disability, activities contradicting her testimony, and several wholly contradictory statements about drug use. *Thomas*, 278 F.3d at 959. *Thomas* does not stand for the proposition that one ambiguous instance of lack of candor about alcohol use is a clear and convincing reason to discount unrelated claimant testimony.

Inconsistent statements did not provide a clear and convincing reason to discount Plaintiff's testimony.

### b.   Improvement with Treatment

Evidence that medical treatment helped a claimant "'return to a level of function close to the level of function they had before they developed symptoms or signs of their mental disorders' … can undermine a claim of disability." *Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017) (quoting 20 C.F.R. Pt. 404, Subpt. P, App'x 1 (2014)). Impairments that can be "controlled effectively" by medication or treatment are not considered disabling for purposes of determining eligibility for Social Security benefits. *Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006).

The ALJ identified substantial evidence supporting his conclusion that Plaintiff's mental impairments were effectively controlled. After completing chemical dependency treatment in early 2016, Plaintiff reported that he felt "stable on his current medications," and a provider assessed his mental health as "[a]verage." AR 928, 927. The provider concluded Plaintiff had

"[m]ild to moderate symptoms with good response to treatment in the past." AR 928. This is substantial evidence that medication effectively treated Plaintiff's impairments, returning him to an average level of mental health.

The Court concludes that the fact Plaintiff's mental impairments were effectively treated was a clear and convincing reason to discount his testimony.

### c. Normal Findings

"While subjective [symptom] testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's [symptoms] and [their] disabling effects." *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) (citing 20 C.F.R. § 404.1529(c)(2)). The ALJ identified several treatment notes showing mostly normal psychiatric findings. AR 28 (citing AR 537, 551, 1050, 1056, 1065, 1069, 1073). Plaintiff argues that the normal results merely reflect waxing and waning of symptoms, and identifies several treatment notes with at least one abnormal finding, typically mood and affect. Dkt. 11 at 10; AR 541, 555, 578, 737, 1039, 1042, 1050, 1055, 1069, 1073; *see also* AR 1030 (abnormal mood, affect, speech, activity, thought process).

The record shows both normal and abnormal clinical findings, as illustrated by Plaintiff and the ALJ citing some of the same records. However, viewing the record as a whole, the normal findings the ALJ identified are far more than "a few isolated instances of improvement." *Garrison v. Colvin*, 759 F.3d 995, 1017 (9th Cir. 2014). In a typical example, in a February 2017 office visit, the provider documented anxious mood, depressed affect, and some potential auditory hallucinations, but normal thought process and content, speech pattern and content, orientation, insight, and judgment. AR 1055-56. The ALJ reasonably interpreted this mixed

1 record as showing milder impairments than Plaintiff alleged.

2 Even the records Plaintiff points to are inconsistent with his testimony of disabling
3 mental deficits. For example, over the course of 14 chemical dependency group sessions in
4 2015, Plaintiff's "[r]elationship w[ith] Staff & Peers" was described as "Compliant/Friendly"
5 most of the time, although it was "[d]isruptive" twice. AR 799, 807, 824, 829, 841, 848, 859,
6 863, 880, 885, 890, 895; AR 816, 834. The record as a whole shows that even in records
7 Plaintiff relies on, his symptoms are not as severe as he testified. The ALJ's interpretation that
8 the record showed overall relatively mild mental health impairments was rational and must be
9 upheld. *See Burch*, 400 F.3d at 680-81.

10 The Court concludes that the ALJ did not err by discounting Plaintiff's symptom
11 testimony for the additional reason that the objective medical evidence did not fully corroborate
12 it.

### d. Unemployment Benefits

14 Plaintiff told an examining psychologist that his unemployment benefits would run out in
15 December 2013. AR 500. Plaintiff applied for disability benefits in December 2014, alleging
16 disability beginning November 2013. AR 111. The ALJ noted that "[t]o receive unemployment
17 benefits an individual must aver that they are otherwise willing and able to work. Moreover, the
18 fact that the claimant sought disability benefits after exhausting unemployment benefits casts
19 some doubt on his willingness to work versus disability to work." AR 29. Plaintiff simply states
20 that the ALJ's "assertion is baseless." Dkt. 11 at 11. This is not an argument and the Court need
21 not address it further. *See Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929-30 (9th Cir.
22 2003) (party must argue an issue "specifically and distinctly" to invoke this court's review).

ORDER AFFIRMING THE
COMMISSIONER'S FINAL DECISION AND
DISMISSING THE CASE WITH PREJUDICE
- 7

Because there is no evidence of a medical change around November 2013, the ALJ reasonably inferred that Plaintiff's disability application was based more on expiration of unemployment benefits, which are incompatible with disability benefits, than on any medically based onset of disability. This was a legally valid reason, supported by substantial evidence, to discount Plaintiff's testimony. Although standing alone it may not be a clear and convincing reason, it offers further support for discounting Plaintiff's testimony.

Although the ALJ included the erroneous reason of inconsistent statements, the error is harmless because the ALJ also provided several valid reasons. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1163 (9th Cir. 2008) (inclusion of erroneous reasons to discount claimant's testimony was harmless because "remaining valid reasons supporting the ALJ's determination are not 'relatively minor'").[3] That Plaintiff's impairments were effectively treated was a clear and convincing reason, and relatively mild clinical findings provided another valid reason. The reasonable inference that Plaintiff's disability application was based on expiration of unemployment benefits rather than any disabling impairment further supported discounting Plaintiff's testimony.

The Court concludes the ALJ did not err by discounting Plaintiff's testimony regarding his mental impairments.

---

[3] The Commissioner interprets the ALJ's determination that "alcohol abuse is not material to the determination of disability" as another reason to discount Plaintiff's testimony, because Plaintiff "contended that his substance abuse contributed to his disability." AR 28; Dkt. 12 at 3-4. This is incorrect. Plaintiff applied for disability benefits based on "Anxiety, Depression, ADHD, [and] Hypertension." AR 305. Plaintiff testified that he was disabled due to anxiety and depression, not alcohol abuse. Nonmateriality of alcohol abuse was not a reason to discount his testimony.

## 2. Back Impairment

The ALJ rejected Plaintiff's testimony on his back impairment because he received little treatment and because he worked for many years with the same impairment. AR 30. Plaintiff fails to make any argument that the first reason was erroneous. *See* Dkt. 11 at 11. "[A]n unexplained, or inadequately explained, failure to seek treatment" is a sufficient reason for discrediting a claimant's symptom testimony. *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). The second reason is also valid. Disability is defined as the inability to work due to physical or mental impairment. 20 C.F.R. § 404.1505(a). The fact that Plaintiff worked while he had the same back impairment, as shown by a lack of "objective worsening," shows that the back impairment is not disabling. AR 30.

Plaintiff argues only that the ALJ could not reject symptom testimony "based solely upon whether objective evidence supports the degree of limitations alleged…." Dkt. 11 at 11. That is not what the ALJ did. The ALJ rejected Plaintiff's testimony about his back impairment based on (1) failure to seek treatment, a reason Plaintiff does not challenge, and (2) working with the back impairment, which no evidence (objective or not) establishes worsened after the alleged onset date. *See* AR 91 (Question: "is this a recent phenomenon with your low back? A[nswer:] No"). These reasons are clear and convincing.

The Court concludes the ALJ did not err by discounting Plaintiff's testimony regarding his back impairment.

## B. Medical Opinions

Generally, a treating physician's opinion is entitled to greater weight than an examining physician's opinion, and an examining physician's opinion is entitled to greater weight than a nonexamining physician's opinion. *Garrison*, 759 F.3d at 1012. Even if a treating or examining

ORDER AFFIRMING THE
COMMISSIONER'S FINAL DECISION AND
DISMISSING THE CASE WITH PREJUDICE
- 9

doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by stating "specific and legitimate" reasons. *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017). The ALJ can meet this standard by providing "a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id.* (citation omitted). "The ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Reddick*, 157 F.3d at 725.

"Only physicians and certain other qualified specialists are considered '[a]cceptable medical sources.'" *Ghanim v. Colvin,* 763 F.3d 1154, 1161 (9th Cir. 2014) (alteration in original); *see* 20 C.F.R. §§ 404.1502(a), (d), (e); 416.902(a), (i), (j). An ALJ may reject the opinion of a non-acceptable medical source, such as a therapist, by giving reasons germane to the opinion. *Id.*

### 1. Terilee Wingate, Ph.D.

In December 2013, Dr. Wingate performed a Psychological/Psychiatric Evaluation and diagnosed Plaintiff with depressive disorder (adjustment disorder vs. major depression exacerbated by alcohol abuse), driving phobia, ADHD by history, and alcohol abuse. AR 501. Dr. Wingate also administered assessments that showed moderate to marked depression and moderate anxiety. AR 501. Dr. Wingate opined that Plaintiff had marked limitations in the abilities to maintain punctual attendance and to complete a normal work day and work week without interruption from psychologically based symptoms. AR 502. He had moderate limitations in performing detailed tasks, learning new tasks, making simple decisions, communicating and performing effectively, and maintaining appropriate behavior. AR 502. Limitations in other abilities were no more than mild. AR 502. Dr. Wingate opined that alcohol

abuse contributed to Plaintiff's depressed mood, but that his impairments would persist even after 60 days of sobriety. AR 503. Dr. Wingate opined that the impairments would last six to eight months with available treatment. AR 503.

In November 2014, Dr. Wingate again assessed Plaintiff and diagnosed him with severe major depressive disorder, anxiety disorder, and alcohol use disorder in reported early remission. AR 510. Assessments showed severe depression and anxiety. AR 510. Dr. Wingate opined slightly more severe restrictions than in the 2013 evaluation, with fewer mild limitations. She opined that Plaintiff had marked limitations in maintaining punctual attendance, completing a work day/week, and maintaining appropriate behavior. AR 511. She opined moderate limitations in performing detailed tasks, learning new tasks, performing routine tasks without special supervision, adapting to changes in routine, making simple decisions, requesting assistance, communicating and performing effectively, and setting realistic goals and planning independently. AR 511. Dr. Wingate opined that alcohol exacerbated Plaintiff's mood and anxiety disorder, but his impairments would persist even after 60 days of sobriety. AR 512. Dr. Wingate opined the impairments would last six to twelve months with available treatment. AR 512.

The ALJ gave "[s]ome weight" to both Dr. Wingate's 2013 and 2014 opinions, accepting the mild limitations but discounting the more severe[4] limitations because Plaintiff had "a good

---

[4] Plaintiff argues the ALJ did not reject the moderate limitations but failed to incorporate them into the RFC. Dkt. 11 at 4. The ALJ expressly accepted only Dr. Wingate's mild limitations, and rejected the marked limitations. AR 29. While the ALJ may have addressed the moderate limitations with "less than ideal clarity," it is clear that he rejected any limitations severe enough to be disabling. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014) (even if the agency explains its decision with less than ideal clarity, error is harmless if the agency's path may reasonably be discerned). The ALJ formulated an RFC with extensive mental limitations, and Plaintiff has not identified any functional limitations required by Dr. Wingate's

ORDER AFFIRMING THE
COMMISSIONER'S FINAL DECISION AND
DISMISSING THE CASE WITH PREJUDICE
- 11

therapeutic response to treatment, and multiple normal mental status examinations." AR 29-30.[5]
As discussed above, these reasons were supported by substantial evidence. Impairments that are effectively treated are not disabling. *See Warre*, 439 F.3d at 1006. And inconsistency with the overall medical record is a specific and legitimate reason to discount a medical opinion. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004) (that opinions were "contradicted by other statements and assessments of [claimant's] medical conditions" and "conflict[ed] with the results of a consultative medical evaluation" were specific and legitimate reasons to discount the opinions). Plaintiff argues that "Dr. Wingate was basing her opinion on her own clinical findings, not on others' mental status examinations." Dkt. 11 at 4. But the ALJ did not discount Dr. Wingate's opinions as inconsistent with her own findings. Instead, the ALJ discounted them as inconsistent with the overall medical record. As discussed above, this reason was supported by substantial evidence. The ALJ reasonably interpreted the overall medical record as showing relatively mild mental health impairments. The Court concludes the ALJ did not err by discounting Dr. Wingate's opinions.

### 2. Shawn Kenerdine, Ph.D.

In September 2016,[6] Dr. Kenerdine conducted a Psychological/Psychiatric evaluation and diagnosed Plaintiff with anxiety disorder, severe recurrent major depressive disorder, and alcohol

---

opined moderate limitations that were not incorporated into the RFC. AR 26.

[5] Plaintiff argues that the ALJ misrepresented some moderate limitations as mild. Dkt. 11 at 4 (citing AR 29, 502, 511). Dr. Wingate opined mild limitations in 2013 but moderate limitations in 2014 in the areas of performing routine tasks without special supervision and requesting assistance. *Compare* AR 502 *with* AR 511. While the ALJ may have referred to the limitations "with less than ideal clarity," the ALJ's "path may be reasonably discerned." *Treichler*, 775 F.3d at 1099. The ALJ expressly accepted Dr. Wingate's mild limitations, whether given in 2013 or 2014, and rejected moderate limitations. The fact that Dr. Wingate's 2013 and 2014 opinions differ has no bearing on whether the ALJ permissibly discounted her severe limitations.

[6] The first page of the form is dated 9/29/2017, which must be a typographical error because the

use disorder in remission. AR 947. Assessments revealed severe depression and anxiety. *Id*. Dr. Kenerdine opined that Plaintiff had marked limitations in maintaining punctual attendance and completing a work day/week. AR 948. Plaintiff had moderate limitations in performing detailed tasks, learning new tasks, performing routine tasks without special supervision, adapting to changes in routine, making simple decisions, communicating and performing effectively, maintaining appropriate behavior, and setting realistic goals and planning independently. *Id*. Dr. Kenerdine opined that the impairments were not primarily the result of drug or alcohol use and would persist following 60 days of sobriety. AR 949. Dr. Kenerdine opined that Plaintiff would remain impaired for six months with available treatment. *Id*.

The ALJ accepted Dr. Kenerdine's opined mild limitations but rejected the more severe limitations because Plaintiff had "a good therapeutic response to treatment, and normal mental status examinations," and because "Dr. Kenerdine appears to rely to some degree on the claimant's report that he had been sober from alcohol for the preceding 4-months, which is contradicted elsewhere in the medical records." AR 30. As discussed above, effective treatment and inconsistency with the overall medical record were specific and legitimate reasons to discount a medical opinion. Regarding the ALJ's final reason, Plaintiff incorrectly asserts that Dr. Kenerdine's evaluation was performed in September 2017 when Plaintiff had been sober for about a year. Dkt. 11 at 6. Plaintiff fails to identify any actual error by the ALJ. The Court concludes the ALJ did not err by discounting Dr. Kenerdine's opinions.

---

ALJ referred to it during the May 2017 hearing. AR 946 (form is exhibit 13F), 48 (admitting exhibits "1F through 18F"). Page 4 of the form is dated 9/29/2016. AR 949.

ORDER AFFIRMING THE
COMMISSIONER'S FINAL DECISION AND
DISMISSING THE CASE WITH PREJUDICE
- 13

### 3. Duane T. Price

In February 2017 Plaintiff's treating therapist, Mr. Price, opined that Plaintiff had marked impairments in most work-related mental functions. AR 1021-23. The ALJ gave Mr. Price's opinions "[l]ittle weight" because the check-box opinions were unsupported by any explanation, and because the opinions were contradicted by frequent normal mental status examinations. AR 31. Plaintiff fails to challenge the first reason, identifying no clinical findings on which Mr. Price could have based his opinions. An ALJ may reject a medical opinion that is "brief, conclusory, and inadequately supported by clinical findings." *Thomas*, 278 F.3d at 957. Plaintiff argues that the ALJ's second reason is erroneous because Mr. Price's opinions are "supported by and consistent with" other findings, citing the same records addressed above. Dkt. 11 at 6. As discussed above, the ALJ reasonably interpreted the overall record, including the frequent normal mental status examinations, as showing generally mild mental health impairments. This was a germane reason to discount Mr. Price's opinions. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005) (inconsistency with medical evidence is a germane reason to discount lay witness statement).

The Court concludes the ALJ did not err by discounting Mr. Price's opinions.

### 4. Charlotte Clark-Neitzel, M.D.

In April 2017, Plaintiff's treating physician, Dr. Clark-Neitzel, filled out a Proof of Disability Statement. AR 1076. She checked a box stating that Plaintiff became disabled on October 31, 2016, and his disability was expected to continue for twelve months. *Id*. The ALJ gave this opinion "[l]ittle weight" because it was conclusory and unsupported, contradicted by the medical evidence, and addressed an issue reserved to the Commissioner. AR 31.

ORDER AFFIRMING THE
COMMISSIONER'S FINAL DECISION AND
DISMISSING THE CASE WITH PREJUDICE
- 14

Plaintiff argues that Dr. Clark-Neitzel's opinion is supported by treatment notes from her clinic showing anxious and depressed mood and affect and sometimes poor insight.[7] Dkt. 11 at 7 (citing AR 541, 555, 578, 1050, 1055, 1069, 1073). Dr. Clark-Neitzel did not indicate any connection between these mild clinical findings and her opinion of total disability. The ALJ did not err by discounting Dr. Clark-Neitzel's opinion as unsupported and conclusory.

Plaintiff argues that the ALJ erred by finding Dr. Clark-Neitzel's opinion contradicted by the medical evidence, because her opinion is consistent with Dr. Wingate's, Dr. Kenerdine's, and Mr. Price's opinions and other medical providers' findings. Dkt. 11 at 7 (citing AR 721, 737, 1030-31, 1039, 1042). However, as discussed above, the ALJ permissibly discounted Dr. Wingate's, Dr. Kenerdine's, and Mr. Price's opinions, and reasonably interpreted the medical record as a whole, including the treatment notes cited, as showing overall relatively mild mental health impairments. Inconsistency with the medical evidence was a specific and legitimate reason to discount Dr. Clark-Neitzel's opinion.

Plaintiff is correct that the mere fact that disability is an issue reserved to the Commissioner is not itself a reason to discount a medical opinion of disability. *See Matthews v. Shalala*, 10 F.3d 678, 680 (9th Cir. 1993); SSR 96-5p, 1996 WL 374183 at *2 (S.S.A. 1996) ("the regulations provide that the final responsibility for deciding issues such as [whether an individual is 'disabled'] is reserved to the Commissioner. Nevertheless, our rules provide that adjudicators must always carefully consider medical source opinions about any issue, including

---

[7] Plaintiff also notes Dr. Clark-Neitzel diagnosed Plaintiff with obesity in February 2014 and lumbar strain in November 2016, but does not argue that either condition supported the disability statement. Dkt. 11 at 6-7 (citing AR 538, 592).

ORDER AFFIRMING THE
COMMISSIONER'S FINAL DECISION AND
DISMISSING THE CASE WITH PREJUDICE
- 15

opinions about issues that are reserved to the Commissioner."). However, here the ALJ provided two specific and legitimate reasons to discount Dr. Clark-Neitzel's opinion of disability.

The Court concludes the ALJ did not err by discounting Dr. Clark-Neitzel's opinion.

### 5. Nonexamining Doctors

#### a. Mental Impairments

James R. Buskirk, M.D., and Mack Stephenson, Ph.D., opined "moderate" limitations in several areas of concentration and persistence, explaining that Plaintiff "may experience difficulty w[ith concentration, persistence, or pace] due to depression and anxiety. [His] anxiety i[s] increased when in brief periods of sobriety." AR 118, 143. Plaintiff argues the ALJ erred by failing to provide any reason to reject these opinions. Dkt. 11 at 8. In fact, the ALJ gave "[p]articular weight" to their assessment of moderate limitations in concentration, persistence, or pace and included corresponding limitations in the RFC. AR 31. The RFC restricts Plaintiff to "short and simple instructions"; "routine, predictable tasks, with no fast paced production requirements"; and only "few workplace changes." AR 26. Plaintiff has not identified any functional limitations in Dr. Buskirk's and Dr. Stephenson's opinions that the ALJ failed to incorporate. *See Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1223 (9th Cir. 2010) (ALJ is not required to provide reasoning to reject limitations that are reasonably incorporated into the RFC). Plaintiff has shown no error.

#### b. Physical Impairments

Jeffrey Merrill, M.D., in June 2015 and Robert E. Vestal, M.D., in September 2015 reviewed Plaintiff's medical records and opined that he had no severe physical impairment. AR 115, 139. The ALJ gave these opinions "significant weight" as "consistent with the evidence as a whole, including submissions received after the dates that they formulated their opinions." AR

30-31. Plaintiff argues that "more recent evidence" shows that he has a "severe" back impairment. Dkt. 11 at 8. In support, Plaintiff cites a single treatment note from Dr. Clark-Neitzel assessing "[l]umbar strain" in November 2016. AR 592. Dr. Clark-Neitzel noted, in a "Patient Plan" section, "[w]alking limited to 2 blocks for the next 10 days." AR 592. This treatment note is entirely consistent with the ALJ's finding that the lumbar strain involved only "minimal, transient, or otherwise well controlled" symptoms causing only "minimal work-related functional limitations" that did not persist for 12 continuous months, and the ALJ's conclusion that lumbar strain was therefore a non-severe impairment. AR 24. Plaintiff has shown no error.

The Court concludes the ALJ did not err in addressing the nonexamining doctors' opinions.

### 6. Other Medical Findings

Plaintiff lists an assortment of medical findings and argues that they "further support" the challenged medical opinions and Plaintiff's testimony. Dkt. 11 at 7-8. As discussed above, the ALJ considered the record as a whole and reasonably interpreted it as showing generally mild mental health impairments with limitations that were accounted for in the RFC. The medical findings Plaintiff lists do not establish any error.

## C. Lay Witness Statements

In February 2015, Plaintiff's sister filled out a Function Report and stated that Plaintiff was "immobilized by fear, anxiety, and depression. [He] uses alcohol to cope [and] is currently virtually non-functional." AR 376, 383. In August 2015, Social Security facilitator, Cindy Harbaugh, observed that Plaintiff was poorly groomed, "visibly shook" in his chair, and appeared anxious. AR 389. Vocational rehabilitation counselor Nancy McCain filled out a Certification of Significance of Disability in June 2016, checking boxes to indicate Plaintiff had

"general and social anxiety disorder" and several work-related limitations.  AR 457, 454-66.  An ALJ may discount lay witness testimony by giving a germane reason.  *Diedrich v. Berryhill*, 874 F.3d 634, 640 (9th Cir. 2017).  Here, however, the ALJ made no mention of any of these statements.  The Commissioner contends that any error in failing to address these statements was harmless because the ALJ's reasons for rejecting Plaintiff's testimony suffice to reject the lay witnesses' statements.  Dkt. 12 at 4.  Plaintiff incorrectly describes this as a "*post hoc* rationale" when in fact it is a harmless error analysis.  Dkt. 13 at 9.

"Where lay witness testimony does not describe any limitations not already described by the claimant, and the ALJ's well-supported reasons for rejecting the claimant's testimony apply equally well to the lay witness testimony, … the ALJ's failure to discuss the lay witness testimony [is not] prejudicial per se."  *Molina*, 674 F.3d at 1117; *see also Valentine v. Comm'r of Soc. Sec.*, 574 F.3d 685, 694 (9th Cir. 2009) (holding that if an ALJ gave clear and convincing reasons for rejecting the claimant's testimony, those reasons are germane to similar testimony by a lay witness).  Plaintiff simply states that the lay witnesses "described limitations that went well beyond [Plaintiff's] own description of his limitations" but does not identify any.  Dkt. 13 at 9.  Plaintiff's testimony of anxiety, depression, and being "nonfunctional" sufficiently cover any limitations the lay witnesses described, and the ALJ provided clear and convincing reasons to discount that testimony.  AR 95.  These reasons, improvement with treatment and lack of corroboration from objective medical evidence, apply equally well to the lay witnesses' statements.  Thus, the ALJ's error in failing to discuss the statements was harmless.

D.  **Step Four**

At step four, an ALJ considers whether a claimant is able to perform past relevant work in light of his or her RFC.  20 C.F.R. §§ 404.1520(f), 416.920(f); *Lewis v. Apfel*, 236 F.3d 503,

515 (9th Cir. 2001). Plaintiff argues that the ALJ's step four finding, relying on vocational expert testimony that a person with Plaintiff's RFC could perform past relevant work as a spraying machine operator II, was erroneous. Dkt. 11 at 17.

Plaintiff argues that the hypothetical presented to the vocational expert was incomplete because it failed to incorporate limitations opined by Dr. Wingate, Dr. Kenerdine, Mr. Price, and Dr. Clark-Neitzel. Dkt. 11 at 16-17. Because this argument is based on the arguments rejected above, the Court need not address it further. The RFC, and the corresponding hypothetical presented to the vocational expert, contained all limitations supported by the record. *See Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 886 (9th Cir. 2006) (an ALJ need only include in the RFC limitations that are supported by substantial evidence).

Plaintiff also challenges the vocational expert's conclusions. Dkt. 11 at 17. An ALJ may rely on vocational expert testimony that the claimant's RFC would permit past relevant work as actually performed or generally performed. *Pinto v. Massanari*, 249 F.3d 840, 845 (9th Cir. 2001). Here, the vocational expert's testimony did not distinguish between actually or generally performed. The ALJ asked, "[C]ould he still do the automatic metal spraying machine operator II job in your professional opinion?" and the expert responded, "Yes." AR 99. Plaintiff argues that he cannot perform the spraying operator job as actually performed because he was terminated in April 2013 for substandard performance, and cannot perform the job as generally performed because he was only performing one part of a three-part job. Dkt. 11 at 17 (citing AR 500). The ALJ's job at step four is to compare the RFC to the demands of the past relevant work. 20 C.F.R. §§ 404.1520(f), 416.920(f). Whether or not Plaintiff was able to perform the job in April 2013 when he was abusing alcohol, the ALJ's determination is based on a properly formulated RFC and on vocational expert testimony consistent with that RFC. *See* AR 500

ORDER AFFIRMING THE COMMISSIONER'S FINAL DECISION AND DISMISSING THE CASE WITH PREJUDICE
- 19

(drinking 6 to 10 beers per day), 98-99 (vocational expert testimony). The ALJ did not err in determining that Plaintiff could perform his past relevant work as actually performed.

Based on his step four finding, the ALJ concluded that Plaintiff was not disabled. Because Plaintiff has identified no harmful error in the ALJ's decision, this Court must affirm.

## CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

DATED this 9th day of September, 2019.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge

ORDER AFFIRMING THE
COMMISSIONER'S FINAL DECISION AND
DISMISSING THE CASE WITH PREJUDICE
- 20